# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DONALD L. MCELRATH,<br><br>    Plaintiff,<br><br>v.<br><br>ERIN KARSHEN, DONALD TRUMP, TILL BATTLES, ANTWAN BATTLES, SGT. CHANARD BATTLES, JAY TI WILLIAMS, JEROME BATTLES, DIAMOND LEWIS, KALVIN LEWIS, SGT. SCHEER, NUNU LEWIS, TREVELL EZELL, COREY BATTLES, FRANKLIN HOUSE OF CORRECTION SECURITY DIRECTOR 2014, MILWAUKEE SECURITY COUNTY JAIL DIRECTOR, LAURA P. SETTE, MANDI BARZ, ZAK BERRY, GEORGE W. ISSAC, DIANNA VOIL, SARAH J. WATSON, SARAH HENSEN, STEVEN PETERSON, MARTHA EARLSON, BRIAN HAYES, ROBERT MILLER, STEVEN JOHNSON, RESTRICTED HOUSING STAFF, C. PASHOLK, M. BUNES, H. PAULSEN, K. PACKERS, MSDF KITCHEN STAFF, MSDF WORKERS, MSDF INMATES AND STAFF, MSDF WARDEN, MSDF UNIT DIRECTOR 2014-2015, SEAN R. CLEVELAND, MELISSA JACOBS, SEAN CARLETON, STEPHANIE SCHEAFFER, PAUL MAYOR, ANTHONY HUGHES, and JOHN DOES,<br><br>    Defendants. | Case No. 20-CV-183-JPS<br><br>**ORDER** |

  On March 12, 2020, the Court ordered Plaintiff to provide his prisoner trust account statement so that his initial partial filing fee ("IPFF") could be calculated. (Docket #11). He filed a partial trust account statement

on March 19, 2020, and a number of letters describing his difficulty sending and receiving mail and problems with obtaining his account statement. (Docket #12, #12-1, and #12-2). Rather than again ordering Plaintiff to submit a complete version of the account statement, the Court will waive payment of the IPFF in this case. It will do so because the case is entirely frivolous and must be dismissed immediately pursuant to the Court's screening obligation found in 28 U.S.C. §§ 1915(e)(2)(B) & 1915A.

Plaintiff alleges that the enormous list of defendants, including numerous fellow prisoners, security, medical, and other staff at various prisons and jails, lawyers, judges, and even the President of the United States, all "came as a group/a white supremacist group/domestic terrorism & terrorist with a weapon[.]" (Docket #1 at 2). Plaintiff claims that the defendants came with a "neuron machine, and neuron scientist and tortured my physicals, my brain was burned due to the electro magnetic energy[.]" *Id.* He contends that he was also sexually assaulted by this neuron scientist. Plaintiff demands that each defendant be charged with criminal conduct and that he be awarded "$900 zillion in restitution[.]" *Id.* at 3.

Courts may dismiss claims based on allegations that are "obviously and knowingly false." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Edwards v. Snyder*, 478 F.3d 827, 829–30 (7th Cir. 2007). Moreover, a suit may be dismissed "because the facts alleged are so . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney*, 302 F.3d at 774; *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). "[N]o evidentiary hearing is required in a prisoner's case (or anyone else's, for

that matter) when the factual allegations are incredible." *Gladney*, 302 F.3d at 774 (internal citations omitted). Plaintiff's allegations are clearly of the incredible variety and are beyond fantastic and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Consequently, this case must be dismissed as frivolous. *Gladney*, 302 F.3d at 775 (citing *Okoro v. Bohman*, 164 F.3d 1059, 1062–64 (7th Cir. 1999)) ("a frivolous suit does not engage the jurisdiction of the district court").

The Court will, therefore, dismiss this action with prejudice. The Court will also assess a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g). The Court warns Plaintiff that if he accumulates three such strikes, he will no longer be allowed the privilege to proceed *in forma pauperis*. Plaintiff should, therefore, carefully consider whether any of his other pending lawsuits have genuine merit, and if they do not, he should dismiss them voluntarily before incurring a strike. Finally, Plaintiff's motion for leave to proceed *in forma pauperis* in this case will be granted inasmuch as he was not required to *pre*-pay the filing fee, but the Court will now order that the balance of the filing fee, $350.00, be collected from his prisoner trust account.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee, $350.00, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge